

WILLIAM E. FITZPATRICK
*Acting U.S. Attorney*

JACQUELINE M. CARLE
*Assistant U.S. Attorney*

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Camden Federal Building & U.S. Courthouse*

| | |
|---|---|
| *401 Market Street, 4th Floor* | *856/757-5026* |
| *P.O. Box 2098* | *FAX 856/968-4917* |
| *Camden, NJ 08101* | |

August 14, 2017

Rocco C. Cipparone, Jr., Esquire
203-205 Black Horse Pike
Haddon Heights, NJ   08035

$Cr. 17-394 (RBK)$

Re: Plea Agreement with Judd Holt

Dear Mr. Cipparone:

This letter sets forth the plea agreement between your client, Judd Holt, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on August 28, 2017, if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Judd Holt to an Information which charges him with knowingly and willfully conspiring to defraud a health care benefit program, contrary to Title 18, United States Code, Section 1347, in violation of Title 18, United States Code, Section 1349. If Judd Holt enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Judd Holt for the unlawful obtaining and filling of compounded prescriptions during the time period from January 2015 through April 2016. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Judd Holt agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Judd Holt may be commenced against him, notwithstanding the expiration of the limitations period after Judd Holt signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1349 to which Judd Holt agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Judd Holt is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.   The United States Sentencing Guidelines are advisory, not mandatory.   The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.   This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Judd Holt ultimately will receive.

Further, in addition to imposing any other penalty on Judd Holt, the sentencing judge (1) will order Judd Holt to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Judd Holt to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Judd Holt, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Judd Holt to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Judd Holt be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Judd Holt may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution Agreement

In addition, Judd Holt agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.   The calculation of the losses resulting from the offense of conviction is ongoing; however, the parties agree that the loss figure is at least $769,762.53.

Forfeiture

Judd Holt agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), he will forfeit to the United States $95,574.49 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that the Forfeiture Money Judgment represents forfeiture of property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of 18 U.S.C. § 1349, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service.   On or before the date he enters his plea of guilty pursuant to this agreement, Judd Holt shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Judd Holt enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Judd Holt fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Judd Holt consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Judd Holt further agrees to waive his interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.   Judd Holt agrees to consent to the entry of orders of forfeiture for the Forfeiture Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to Judd Holt prior to sentencing.   Judd Holt understands that the imposition of the Forfeiture Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

3

It is further understood that any forfeiture of Judd Holt's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.   Judd Holt hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

Judd Holt represents that Judd Holt will disclose all of his assets on a Financial Disclosure Statement.   Judd Holt agrees that if this Office determines that Judd Holt has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement.   In addition, Judd Holt consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement.   Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Judd Holt knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets.   Judd Holt agrees to execute any documents necessary to effectuate the forfeiture of said assets.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Judd Holt by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.   In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Judd Holt's activities and relevant conduct with respect to this case.

Stipulations

This Office and Judd Holt agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.   This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings

4

and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Judd Holt from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Judd Holt waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Judd Holt understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Judd Holt. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Judd Holt.

No provision of this agreement shall preclude Judd Holt from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Judd Holt received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Judd Holt and this Office and supersedes any previous agreements between them.    No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

WILLIAM E. FITZPATRICK
Acting United States Attorney

By:    JACQUELINE M. CARLE
R. DAVID WALK, JR.
Assistant U.S. Attorneys

APPROVED:

R. Stephen Stigall
Attorney-in-charge, Camden, NJ

6

I have received this letter from my attorney, Rocco C. Cipparone, Jr., Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date:  9/6/17
Judd Holt


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____                    Date:  9/6/17
Rocco C. Cipparone, Jr., Esq.

7

Plea Agreement With Judd Holt

## Schedule A

1. This Office and Judd Holt recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and Judd Holt nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2016, applies in this case.

3. The guideline that applies to the charged conduct is U.S.S.G. § 2B1.1, which provides for a base offense level of 6.   See U.S.S.G. § 2B1.1(a)(2).

4. Because this offense involved losses totaling more than $550,000 but not more than $1,500,000, this Specific Offense Characteristic results in an increase of 14 levels.   See U.S.S.G. § 2B1.1(b)(1)(H).

## ACCEPTANCE OF RESPONSIBILITY

5. As of the date of this letter, Judd Holt has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.   Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Judd Holt's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Judd Holt has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.   At sentencing, this Office will move for a further 1-point reduction in Judd Holt's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Judd Holt enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Judd Holt's acceptance of responsibility has continued through the date of sentencing and Judd Holt therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Judd Holt's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Judd Holt is 17 (the "agreed total Guidelines offense level").

8. Judd Holt knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack,

8

or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

9