2016R00427/DW/JA/fk

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert B. Kugler |
| v. | : | Crim. No. 17- 394 (RBK) |
| JUDD HOLT, | : | CONSENT FORFEITURE MONEY JUDGMENT |
| Defendant. | : | |

WHEREAS, the United States of America (the "United States" or the "Government") filed a one-count Information against JUDD HOLT (the "Defendant"), which charged him with conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count One);

WHEREAS, pursuant to a plea agreement with the United States, the Defendant pleaded guilty to the Information;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), a person convicted of conspiracy to commit health care fraud shall forfeit to the United States, all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, as a result of the violation alleged in Count One of the Information;

WHEREAS, the property subject to forfeiture by the Defendant includes a sum of money equal to $95,574.49 in United States currency, representing the gross proceeds of the conspiracy to commit health care fraud obtained by the Defendant, but which cannot be located because of the acts or omissions of the Defendant;

WHEREAS, in the plea agreement, the Defendant consented to the imposition of a criminal forfeiture money judgment in the amount of $95,574.49 in United States currency;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, defendant JUDD HOLT:

(1) Consents to forfeit to the United States $95,574.49 in United States currency as a sum of money representing the gross proceeds of the conspiracy to commit health care fraud obtained by the Defendant, to which he has pleaded guilty, but which cannot be located because of the acts or omissions of the Defendant;

(2) Consents to the imposition of a money judgment in the amount of $95,574.49 in United States currency (the "Money Judgment"), pursuant to 18 U.S.C. § 982(a)(7), and agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) Agrees to disclose all of his assets on a Financial Disclosure Statement;

(4) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(5) Agrees promptly to pay the Money Judgment in full;

(6) Consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Money Judgment is paid in full;

(7) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in his presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(8) Acknowledges and understands that forfeiture of property will be part of the sentence imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(9) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

3

(10) Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment;

WHEREAS, good and sufficient cause has been shown;

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, as a result of the offense of conspiracy to commit health care fraud, as alleged in Count One the Information, to which the Defendant has pleaded guilty, the Defendant shall forfeit to the United States the sum of $95,574.49 in United States currency, representing the gross proceeds of the conspiracy to commit health care fraud obtained by the Defendant, but which cannot be located because of the acts or omissions of the Defendant.

IT IS FURTHER ORDERED that a money judgment in the amount of $95,574.49 in United States currency (the "Money Judgment") is hereby entered against JUDD HOLT and in favor of the United States, pursuant to 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2(b).

IT IS FURTHER ORDERED that the Defendant having given his consent pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(4)(A), upon entry of this Consent Forfeiture Money Judgment, this Order is final as to the Defendant, shall be deemed part of his sentence, and shall be included in the judgment of conviction therewith.

IT IS FURTHER ORDERED that all payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshal Service (or its designee), and delivered

by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

IT IS FURTHER ORDERED that, pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), the United States Marshal Service (or its designee) is authorized to deposit all payments on the Money Judgment in the United States Department of Justice Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

IT IS FURTHER ORDERED that, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including, but not limited to, depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter a money judgment against JUDD HOLT and in favor of the United States in the amount of $95,574.49 in United States currency.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 25th day of September, 2017.

_____
HONORABLE ROBERT B. KUGLER
United States District Judge

The undersigned hereby consent to
the entry and form of this order:

WILLIAM E. FITZPATRICK
Acting United States Attorney

_____   Dated: 9/25/17
By: R. DAVID WALK, JR.
JACQUELINE M. CARLE
Assistant United States Attorneys

_____   Dated: 9/25/17
ROCCO C. CIPPARONE, JR., ESQ.
Attorney for Defendant

_____   Dated: 9/25/17
JUDD HOLT, Defendant

6